```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :

        -v.-                        :     S2 07 Cr. 756 (RJS)

JOSE MANUEL CARRANZA-IBANEZ,        :
  et al.,                                  BY ECF
                                    :
        Defendants.
                                    :
- - - - - - - - - - - - - - - - - -X
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE
MOTION TO DISMISS THE INDICTMENT BY DEFENDANT DEONDRAY KING**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America.

Rua M. Kelly
Marshall A. Camp
Assistant United States Attorney
   - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :

         -v.-                     :    S2 07 Cr. 756 (RJS)

JOSE MANUEL CARRANZA-IBANEZ,      :
  et al.,
                                  :
         Defendants.
                                  :
- - - - - - - - - - - - - - - - - X
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE
MOTION TO DISMISS THE INDICTMENT BY DEFENDANT DEONDRAY KING**

The Government respectfully submits this Memorandum of Law in opposition to defendant Deondray King's February 4, 2008 letter moving to dismiss the above-captioned Indictment. King's motion is based in part upon a misstatement of relevant facts and is contrary to governing law. For the reasons set forth below, it should be denied.

**BACKGROUND**

King was originally charged with conspiracy to distribute narcotics in a complaint filed on October 17, 2007. He was arrested on October 18, 2007 in the Eastern District of Pennsylvania, presented the same day in that District, and ordered detained on consent.[1] King waived an identity hearing

---

[1] The order that King be held without bail was not surprising. His criminal history includes prior convictions for violent felonies, including aggravated assault, as well as a drug trafficking offense for which he was sentenced to ten years' imprisonment. King completed that term in 2005 and remains subject to supervised release. He was on supervised release at

and consented to have his preliminary hearing in the Southern District of New York.  He was thereupon ordered removed to this District.

On October 30, 2007, King was transferred from the Federal Detention Center in Philadelphia to the Metropolitan Detention Center ("MDC") in Brooklyn, New York.  Contrary to the representations in King's motion, the U.S. Attorney's Office for the Southern District of New York (this "Office") was not notified of this transfer.  As this Office later learned from representatives of the U.S. Marshals Service in this District (the "USMS"), King and another detainee were transferred via a Bureau of Prisons bus, but the USMS was not provided with a manifest for that bus.  As a result, the USMS reportedly was unaware of King's arrival and, in any case, did not notify this Office that King had arrived.  (As the Court is no doubt aware, this Office relies on notices from the USMS to alert it to newly-arrived defendants.[2])

On the afternoon of December 7, 2007, this Office was advised for the first time - by defense attorney Elizabeth Macedonio - that King was present in this District.  King was ordered for the earliest possible presentment (the following

---

the time of the offense alleged in this case.

[2] While the error affecting King was unusual, this Office and the USMS have implemented new safeguards designed to reduce the risk of such mistakes in the future.

Monday), and was presented December 10, 2007 in Magistrate's Court.

By the time he was presented in this District, approximately 53 days had elapsed since his original presentment, including approximately 40 days since his arrival. At the December 10 hearing, before Magistrate Judge Theodore H. Katz, the Government readily conceded that King had not been indicted within the time provided by 18 U.S.C. § 3161(b). See Dec. 10, 2007 Tr. at 4 ("[W]e believe that time would have expired, even accounting for some period of excusable delay."). The Government thus consented to dismissal of the original complaint and sought the Court's permission to file a "substantially similar" complaint containing "all of the same facts as the original complaint." Id. Defense counsel did not object to this remedy and acquiesced in the Government's representation that the parties were "in complete agreement." Id. at 4-5. The Court then dismissed the original complaint, filed the second complaint, advised the defendant of his rights, and set a preliminary hearing for December 26, 2007. Id. at 5-7. The defense consented to the defendant's continued detention without bail, and the Court ordered the defendant remanded. Id. at 6-7.

On December 26 - the day set for the preliminary hearing on the second complaint - the Government moved to dismiss the second complaint without prejudice. The Court dismissed the

-3-

complaint, and the USMS was promptly notified of the dismissal.[3] The following day, December 27, 2007, the Grand Jury returned a second superseding Indictment in this matter adding King as a defendant and charging him with conspiring to distribute heroin and cocaine.

## DISCUSSION

King's motion appears to conflate alleged violations of the Double Jeopardy Clause of the Fifth Amendment, the Speedy Trial Clause of the Sixth Amendment, and the Speedy Trial Act. None of King's claims warrant dismissal of the Indictment, and the motion should be denied.

**I.  Double Jeopardy Clause: The First Complaint Was Not Dismissed On The Merits And Its Dismissal Does Not Preclude This Prosecution**

The dismissal of the original complaint did not place King in jeopardy of conviction and he thus is not in double jeopardy of conviction by virtue of the instant Indictment.  "It goes without saying," the Second Circuit has observed, that "'an accused must suffer jeopardy before he can suffer double jeopardy.'" United States v. Dionisio, 503 F.3d 78, 81 (2d Cir. 2007) (quoting Serfass v. United States, 420 U.S. 377, 393 (1975)).  Jeopardy typically attaches during trial, either when a jury is sworn (jury trial) or a judge hears evidence (bench

---

[3] King would have remained detained even if the charges had been permanently dismissed because he was subject to a detainer lodged in connection with alleged violations of supervised release pending in the Eastern District of Pennsylvania.

trial). Serfass, 420 U.S. at 388. In the pretrial context, jeopardy only attaches where a pretrial proceeding "entailed findings of facts on the merits such that the defendant was placed in genuine jeopardy by the making of such findings." Dionisio, 503 F.3d at 83. To ascertan whether jeopardy attaches, courts differentiate between "determinations that relate to a defendant's culpability and those that are merely procedural and do not bear on the defendant's blameworthiness." Kruelski v. Superior Court, 316 F.3d 103, 109 (2d Cir. 2003). In so doing, "the Supreme Court has underscored the need to look beyond the form of the court's pretrial ruling to its substance in order to determine whether the dismissal actually represented a 'resolution, correct or not, of some or all of the factual elements of the offense charged.'" Dionisio, 503 F.3d at 83 (quoting United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977)).

The parties' intent at the December 10, 2007 appearance before Magistrate Judge Katz was plain: to dismiss the first complaint due to the delay since the defendant's arrest, re-file a virtually identical complaint, and conduct a first appearance on the new complaint. Although Government counsel misspoke and moved to dismiss "with prejudice" – and though the Court adopted this erroneous request, granting the dismissal "with prejudice" (Dec. 10, 2007 Tr. at 4-5) – the Court never engaged in a determination relating to the defendant's culpability, and

-5-

certainly did not resolve any of the factual elements of the offense charged.  Quite the contrary, the Court immediately re-filed substantively identical charges with the tacit consent of the defense.  Jeopardy thus did not attach.

King's argument seems to be predicated on the notion that the phrase "with prejudice" is talismanic – that is, whatever the true nature of the proceeding, the phrase converts a purely procedural dismissal into a substantive, preclusive one. See Feb. 4, 2008 letter motion of Elizabeth E. Macedonio, Esq. at 5 ("As [the complaint] was dismissed with prejudice, the new allegations are barred.") Consistent with the Supreme Court's guidance, the Second Circuit has squarely rejected a virtually identical argument.  In Dionisio, the defendant moved to dismiss an indictment on the ground that it contained racketeering counts substantially similar to charges that previously had been dismissed "with prejudice" in connection with a plea agreement. 503 F.3d at 79-80.  The Second Circuit affirmed the District Court's denial of the motion, noting that "the core question" under the Double Jeopardy Clause is "whether there has been a fact-based resolution of elements of the offense charged as a result of a process in which the defendant risked conviction." Id. at 85.  The dismissal of counts in connection with a plea agreement does not constitute such a resolution, regardless of the phrase used to characterize the dismissal, and thus cannot bar a subsequent prosecution.  Id. at 88-89; accord, e.g., United

States v. Dahlstrum, 655 F.2d 971, 974 (9th Cir. 1981) (judge's characterization of a dismissal as being "with prejudice" is not controlling where the disposition did not constitute "a resolution of any of the factual elements of the offense charged").  Similarly here, King was not at risk of conviction in connection with the dismissal of the first complaint, and the instant Indictment thus cannot constitute double jeopardy.

**II.   Speedy Trial Clause: This Case Has Proceeded Expeditiously Toward Trial And Certainly Not In Derogation Of The Sixth Amendment**

To determine whether pre-trial delay amounts to a violation of the Sixth Amendment's speedy trial right, courts balance four factors: "(1) the length and (2) reason for the delay, (3) whether the defendant timely asserted his rights, and (4) whether the defendant has been prejudiced by the delay." United States v. Jones, 129 F.3d 718, 724 (2d Cir. 1997) (summarizing factors set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972)).  In applying these factors, courts first determine "whether the length of the delay is 'presumptively prejudicial.'" United States v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992) (quoting Barker, 407 U.S. at 530).  If it is not, analysis of the other factors is unnecessary.  Doggett v. United States, 505 U.S. 647, 652 (1992); Vassell, 970 F.2d at 1164.  King does not address the Barker factors in his letter brief, but neither the first (threshold) factor nor any of the others militate in favor of his motion.

-7-

First, the complained-of delay was relatively short, a fact dispositive of the <u>Barker</u> analysis.  While there is no period of delay that is per se "presumptively prejudicial," the Second Circuit has approvingly cited one commentator's observation noting a "general consensus that a delay of over eight months meets this standard, while a delay of less than five months does not."  <u>Vassell</u>, 970 F.2d at 1164; see also <u>Flowers v. Warden, Conn. Correctional Instit., Somers</u>, 853 F.2d 131, 132-33 (2d Cir. 1988) (collecting cases finding no Sixth Amendment violation were pre-trial delay ranged from 21 months to five years).  At the time he filed this motion, fewer than five months had elapsed since King's arrest.  While the Court has not yet set a trial date, it has proposed dates that will yield a trial within approximately eight months of the defendant's arrest.  No further analysis is required.

Second, the reason for the complained-of delay was an apparent oversight by the U.S. Bureau of Prisons.  It was neither intentional nor tactical.  Nearly all of the delay since then has occurred with the defendant's consent.  (A December 26, 2007 preliminary hearing date was set at the first appearance without objection from the defense, and the case was indicted only one day after that.  Nearly all of the pre-trial delay since the Indictment was returned has been on consent, to permit, among other things, King's review of discovery and the filing of this and other motions.)

-8-

Third, the defendant's Sixth Amendment claim is not timely. Where a defendant complains primarily of pre-indictment delay, silence during the pre-indictment period undermines a later claim based on that delay. See United States v. Avalos, 541 F.2d 1100, 1115 (5th Cir. 1976). As noted, nearly all of the delay since King's presentment in this District has occurred with the consent of the defense. While King could have asserted an unconstitutional delay at his first appearance in this District, or shortly thereafter, his counsel chose to do precisely the opposite. Counsel did not object to the re-filing of the complaint, did not object to the setting of a preliminary hearing date on the second complaint, and has consented to various post-indictment delays.

Fourth, King does not assert actual prejudice. This too is dispositive. See Reed v. Farley, 512 U.S. 339, 353 (1994) ("[a] showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause"). Although King's detention surely constitutes some "prejudice," the Supreme Court previously has characterized 10 months' pretrial detention as "minimal" prejudice. Barker, 407 U.S. at 534, cited in United States v. Anderson, 902 F.2d 1105, 1111 (2d Cir. 1990). King has not shown, and cannot show, the central "prejudice" at issue in the Barker analysis: a delay that advantaged the Government or disadvantaged the defendant. See, e.g., Barker, 407 U.S. at 534; United States v. Powell, 1999 U.S. Dist. LEXIS 480, at *15

(S.D.N.Y. Jan. 21, 1999). Indeed, most of King's co-defendants in this case were indicted and arrested in August 2007. King would thus almost certainly have been on the same pre-trial schedule in this matter even if he had been indicted within 30 days of his arrest.

Accordingly, all of the factors considered in determining whether there has been a Sixth Amendment violation, including the two dispositive factors, weigh against such a finding.

### III.    **Speedy Trial Act**: A Violation Of The Act Has Been Conceded And Cured

King's motion to dismiss the Indictment due to a past violation of the Speedy Trial Act is without merit because the only violation was conceded and cured. The Speedy Trial Act requires in most cases that an individual be indicted within 30 days of arrest. 18 U.S.C. § 3161(b). It also sets forth several periods of delay that shall be excluded from this time, including time relating to transfer or removal proceedings in a foreign district, and typically no more than 10 days between the date a defendant is ordered removed from one district and the date he arrives in the destination district. 18 U.S.C. § 3161(h)(1)(G-H). At the time of King's December 10, 2007 presentment in this District, approximately 40 non-excludable days had elapsed since his arrest – 10 more than the 30 authorized by the statute.

-10-

Where an individual charged in a complaint is not indicted within the specified period, the Act provides a remedy:

> "[S]uch charge against that individual contained in such complaint shall be dismissed or otherwise dropped.  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

18 U.S.C. § 3162(a)(2).  In addition to these factors, courts also consider whether the defendant sustained any prejudice as a result of the violation.  United States v. Taylor, 487 U.S. 326, 332-34 (1988).  Dismissals with prejudice are not warranted absent a showing of more than "an isolated and unwitting violation" of the Speedy Trial Act by the prosecutor.  Id. at 339.  Prejudicial dismissals typically require a showing of a "truly neglectful attitude," "bad faith," a "pattern of neglect," or other serious misconduct.  Id. at 338-39.

The Government conceded a violation of the 30-day rule at the December 10, 2007 presentment and moved to dismiss the complaint.  The section 3162(a)(2) factors clearly required a dismissal *without* prejudice: (1) the complaint alleged a serious narcotics offense for which the defendant could face a mandatory minimum sentence of 20 years' imprisonment (given his prior felony narcotics

-11-

conviction); (2) the circumstances of the delay did not reflect intentional or tactical conduct by the Government, bad faith, or a pattern of neglect; (3) a reprosecution would be strongly in the interests of justice given the seriousness of the offense, the early stage of the prosecution, and the absence of any strategic conduct or misconduct precipitating the delay; and (4) as elucidated above, the defendant suffered at most minimal prejudice as a result of the delay.

>The Court granted the dismissal and plainly did so without prejudice, given that it concurrently filed a new complaint containing the exact same charge and facts.  In seeking this remedy, Government counsel inadvertently used the words "with prejudice," and Magistrate Judge Katz adopted that phrase in dismissing the original complaint.  However, the concurrent re-filing of a virtually identical complaint makes plain the Court's actual intent.  As in Dionisio, substance controls over form in determining whether a dismissal was prejudicial: the facts warranted a non-prejudicial dismissal and the Court permitted one.  When asked whether she had anything to add to the proposed dismissal and refiling of identical charges, defense counsel merely clarified that should King eventually be sentenced, he would be entitled to credit for time served despite the dismissal of the original complaint.  Dec. 10, 2007 Tr. at

4-5. Defense counsel's contemplation that the defendant might be *sentenced* in this case belies the notion that she, or anyone else, intended or understood the dismissal of the original complaint to be the *end* of the case.

King also erroneously contends that the Speedy Trial Act was violated a second time, when he was indicted on December 27, 2007 – one day after the date set for a preliminary hearing on the second complaint. There was no such violation. The defendant was charged in the second complaint on December 10 and indicted December 27 – well within the 30-day period. The preliminary hearing is strictly a creature of Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, which require such a hearing within 10 days of a detained defendant's initial appearance on a complaint. The Government sought and obtained a dismissal of the second complaint (without prejudice) on the day set for the preliminary hearing, and obtained an indictment the following day. There was thus no violation of Rules 5 or 5.1, and certainly no violation, much less a sanctionable violation, of the Speedy Trial Act.

Because the only violation of the Act was long ago conceded and cured, the defendant's motion for a successive

(and Draconian) sanction - dismissal of the Indictment - should be denied.[4]

**CONCLUSION**

      Defendant's claims of constitutional violations are plainly without merit, and the only statutory violation was conceded and cured before the instant Indictment was returned.  Defendant's motion to dismiss the Indictment should be denied.

Dated:    New York, New York
           March 7, 2008

                      Respectfully submitted,

                      MICHAEL J. GARCIA
                      United States Attorney for the
                      Southern District of New York
                      Attorney for the United States
                          of America

                      S/ Rua Kelly

By:_____
    Rua M. Kelly / Marshall A. Camp
    Assistant United States Attorneys
    Tel.: (212) 637-2471 / -1035

---

[4] Even were dismissal of the Indictment appropriate, it should be without prejudice for the reasons above.

-14-

**AFFIRMATION OF SERVICE**

MARSHALL A. CAMP, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on March 7, 2008, I caused copies of the within GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS THE INDICTMENT BY DEFENDANT DEONDRAY KING to be delivered by ECF filing and facsimile to:

> Elizabeth E. Macedonio, Esq.
> 42-40 Bell Boulevard, Suite 302
> Bayside, New York 11361
> Fax: (718) 281-0850

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   New York, New York
         March 7, 2008

                                        S/ Marshall Camp
                                        _____
                                        Marshall A. Camp
                                        Assistant U.S. Attorney