# THE LAW OFFICE OF ELIZABETH E. MACEDONIO
──────────────── ATTORNEY AT LAW ────────────────

42-40 BELL BOULEVARD
SUITE 302
BAYSIDE, NEW YORK 11361

TELEPHONE: (718) 279-3770
FAX: (718) 281-0850
Email: emacedonio@yahoo.com

March 17, 2008

<u>Via First Class Mail and Electronically Filed</u>

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>United States v. Deondray King</u>
                  S2 07 Cr. 756 (RJS)

Dear Judge Sullivan:

      By letter dated February 4, 2008, Deondray King moved to dismiss the indictment herein on the grounds, *inter alia*, that his prosecution was barred by the principle of double jeopardy. By memorandum dated March 7, 2008, the government opposed Mr. King's motion, contending that he was never previously placed in jeopardy in connection with the charges filed herein and that accordingly, it cannot be concluded that he is in double jeopardy by virtue of the instant indictment. It is respectfully submitted that the government's contention is erroneous and the instant indictment must therefore be dismissed.

      The double jeopardy clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Supreme Court has observed that "[b]ecause it was designed originally to embody the protection of the common-law pleas of former jeopardy, the Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors." *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The double jeopardy clause prohibits successive prosecutions and multiple punishments. It "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717

Honorable Richard J. Sullivan
United States District Judge
March 17, 2008
Page 2

(1969). Where successive prosecutions are involved, the guarantee serves "a constitutional policy of finality for the defendant's benefit." *United States v. Jorn*, 400 U.S. 470, 479 (1971).

"Because a defendant's constitutional interest in finality attaches well before a verdict is reached, it is firmly established that the 'attachment of jeopardy' occurs not only with a verdict but more generally at the 'point in criminal proceedings at which the constitutional purposes and policies [of the clause] are implicated." *United States v. Dionisio*, 503 F.3d 78, 82 (2d Cir. 2007), *quoting, Serfass v. United States*, 420 U.S. 377, 388 (1975). As the Court held in *Dionisio*, "the key issues, even in a pretrial context, is whether the disposition of an individual's indictment entailed findings of facts on the merits such that the defendant was placed in genuine jeopardy by the making of such findings." *Id*. At 83.

Turning to the case at bar, it is clear that Mr. King's prosecution on the within indictment is barred by the principle of double jeopardy. Here, when the prosecutor sought dismissal of the original complaint filed against Mr. King, she specifically stated that she wished that disposition to be made "with prejudice". This Court then granted the prosecutor's request and dismissed the docketed complaint "with prejudice". There can be no dispute that the original complaint charging Mr. King with narcotics violations placed him in jeopardy since it exposed him to the risk of being convicted of those offenses. Moreover, while the statement that the complaint was to be dismissed "with prejudice" may not have been conclusive on the question of whether or not there had been a determination of culpability, it certainly did not represent an ambiguous expression of intent by the government. To hold otherwise would permit the government to avoid its obligations under the Speedy Trial Act (18 U.S.C. § 3161) which mandates dismissal of a charge with prejudice where there has been a failure to indict a defendant within the allotted time period. *See, United States v. Caparella*, 716 F.2d 976 (2d Cir. 1983). *See, also Zedner v. United States*, 547 U.S. 489 (2006).

In sum, the government's dismissal with prejudice of the complaint filed against Mr. King bars his prosecution by the instant indictment under the double jeopardy clause of the Fifth Amendment to the United States Constitution. The indictment must therefore be dismissed.

Honorable Richard. J. Sullivan
United States District Judge
March 17, 2008
Page 3

## CONCLUSION

For all of the reasons stated herein, as well as the reasons stated in the motion dated February 4, 2008, the within indictment should be dismissed.

Respectfully submitted,

Elizabeth E. Macedonio
Attorney for Defendant
Deondray King

cc:   Rua Kelly, AUSA