UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

   -v-

DEONDRAY KING,

               Defendant.

No. 07 Cr. 756 (RJS)
ORDER

───────────────────────────────

RICHARD J. SULLIVAN, District Judge:

    Defendant Deondray King moves to dismiss the indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 *et seq.* ("Speedy Trial Act"), and the Sixth Amendment of the United States Constitution. The government opposes defendant's motion, on the grounds that the facts of the case do not support a finding that either a Sixth Amendment violation or a Speedy Trial Act violation has occurred. For the following reasons, defendant's motion is denied in its entirety.

## I. BACKGROUND

    Unless otherwise indicated, the parties do not dispute the facts giving rise to the motion. On or about October 17, 2007, the government filed a complaint against the defendant charging him with participating in a narcotics conspiracy pursuant to 21 U.S.C. § 846. On October 18, 2007, defendant was arrested in the Eastern District of Pennsylvania. He was subsequently transported to New York and arrived at the Metropolitan Detention Center ("MDC") in Brooklyn on October 30, 2007. Upon his arrival, he met with an attorney who subsequently spoke with counsel for the government. The government claims (and the defendant does not dispute) that, during the course of that initial conversation with defense counsel, the government was not told

that defendant was present in at the MDC.[1]  (*See* Transcript of May 5, 2008 Oral Argument ("May 5 Tr.") at 23.)

On Friday, December 7, 2007, new counsel for the defendant contacted the government and informed the government that the defendant was present at the MDC awaiting presentment on the complaint.  Defendant was then presented before the Honorable Theodore H. Katz, Magistrate Judge, at the earliest possible date, which was the following Monday, December 10, 2007.  At the presentment, the government sought dismissal of the October 17 complaint, due to the fact that the time to indict defendant under the Speedy Trial Act had expired.  All parties at the presentment consented to dismissal of the original complaint, and with the knowledge of all parties, a new complaint, identical to the October 17, 2007 complaint, was filed simultaneously before Judge Katz.  However, in asking for dismissal of the first complaint, the government mistakenly requested that the complaint be dismissed "with prejudice," and Judge Katz granted that request.  (*See* Transcript of December 10, 2007 Conference ("Dec. 10 Tr." at 4-6.)  In connection with the newly filed complaint, Judge Katz also scheduled a preliminary hearing to be held on December 26, 2007.  On December 26, 2007, having failed to indict the defendant, the government moved to dismiss the second complaint without prejudice.  That request was granted.  For the remainder of December 26 and part of December 27, defendant remained in custody pursuant to a detainer filed against him for violation of supervised release in the Eastern District of Pennsylvania.  He was finally indicted on the instant charges on the next day, December 27, 2007.

---

[1] Despite the Court's inquiry into the necessity of a hearing on this motion, neither party requested a hearing, and at the conference on June 3, 2008, counsel for defendant reiterated on the record that no hearing was necessary.  The government concurred. (Transcript of June 3, 2008 Conference at 15-16.)

This motion is based on the improper delay that occurred between defendant's arrival in Brooklyn on October 30, 2007 and his initial presentment on December 10, 2007. The government contends that they did not receive notice of the defendant's presence at the MDC before December 7, 2007, and asserts that the United States Marshal Service ("USMS") was not given a manifest for the bus that brought the defendant and one other passenger from Pennsylvania. (*See* May 5 Tr. at 24-25.) As a result, the USMS was unaware of the defendant's presence and thus failed to notify the United States Attorney's Office ("USAO"). (*See id.*) The government further asserts that, since the time of this mishap, certain measures have been implemented to ensure that the same mistake does not happen again. (*See id.* at 25-27.) For example, the government reports that the Justice Prisoner and Alien Transportation Service, the entity responsible for transporting federal prisoners, now sends an email to the USMS to alert them of the transfer of a prisoner to the district. (*See id.* at 26.) The USAO is also required to notify the USMS when a defendant is arrested or detained in another district, so that the USMS has notice that there may be a transfer. (*See id.*)

## II. DISCUSSION

Defendant's motion to dismiss the indictment is based on two grounds: the Sixth Amendment right to a speedy trial and the rights bestowed upon the defendant by the Speedy Trial Act. The Court shall address each in turn.[2]

---

[2] Although the government briefed in its papers a response to a perceived motion by defendant on double jeopardy grounds, defendant's counsel conceded at oral argument that defendant is not "pressing" the double jeopardy argument, and that the motion at its core is one for a speedy trial violation. (*See* May 5 Tr. at 38-39.) Accordingly, as the defendant appears to have withdrawn or in fact never asserted the double jeopardy argument, the Court does not address it.

A. Sixth Amendment Right to a Speedy Trial

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where in the crime shall have been committed . . . ." U.S. Const. amends. VI, XIV; *Rayborn v. Scully*, 858 F.2d 84, 88 (2d Cir. 1988).  However, "[i]t is indisputable that the Sixth Amendment speedy trial right does not apply to pre-indictment delay." *United States v. Elsbery*, 602 F.2d 1054, 1058 (2d Cir. 1979) (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)); *see also Schurman v. Leonardo*, 768 F. Supp. 993, 998 (S.D.N.Y. 1991) ("Delay between the crime and the indictment is wholly irrelevant under the Speedy Trial Clause of the Sixth Amendment."); *accord Lloyd v. Artus*, No. 06 Civ. 3888 (JSR), 2008 WL 892396, at *10 n.8 (S.D.N.Y. Apr. 1, 2008).  A claim based on pre-indictment delay instead rests upon the Fifth Amendment's Due Process Clause. *See Marion*, 404 U.S. at 324; *Elsbery*, 602 F.2d at 1059; *see also United States v. Alameh*, 341 F.3d 167, 176 (2d Cir. 2003) ("Pre-indictment delay can constitute a violation of the Due Process Clause of the Fifth Amendment.").  To demonstrate a due process violation based upon pre-indictment delay, a defendant must show "actual prejudice to [his] right to a fair trial [a]nd unjustifiable Government conduct." *Elsbery*, 602 F.2d at 1059; *see also Denis v. Upstate Corr. Facility*, 361 F.3d 759, 760 (2d Cir. 2004) (holding that the government must have used the delay as "an intentional device to gain a tactical advantage").

The defendant's motion is based entirely on pre-indictment delay.  Therefore, any analysis under the Sixth Amendment right to a speedy trial is irrelevant.  Neither the defendant nor the government has advanced arguments under the Due Process Clause.  However, even if the defendant had argued that the pre-indictment delay constituted a due process violation, the defendant has failed to show actual prejudice to his right to a fair trial, as discussed below.

Accordingly, defendant's motion to dismiss based on a violation of his Sixth Amendment right to a speedy trial and/or his Fifth Amendment due process right is denied.

### B. The Speedy Trial Act

#### 1. Legal Standard

The purpose of the Speedy Trial Act is to ensure "that charges actually pending against a defendant be promptly processed." *United States v. Gaskin*, 364 F.3d 438, 455 (2d Cir. 2004) (citing *United States v. Hillegas*, 578 F.2d 453, 456 n.3 (2d Cir. 1978) (citing legislative history)). Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b).[3]

Section 3162 further provides that, where an information or indictment is not filed within thirty days, the complaint must be dismissed, and that

> [i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

*Id*. Thus, where the time has elapsed for the filing of an indictment or information, dismissal with prejudice is not presumed; rather, the court is to undertake an analysis as to whether the dismissal should be with prejudice or without prejudice pursuant to the § 3162(a)(1) factors. *See United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986) ("As a preliminary matter, we note that there is no presumption in favor of dismissal with prejudice in this circuit.") (citing

---

[3] Additionally, pursuant to Rule 5.1(c) of the Federal Rules of Criminal Procedure, where a defendant has been charged with an offense other than a petty offense and is in custody, a preliminary hearing must be conducted "no later than 10 days after the initial appearance."

5

*Caparella*, 716 F.2d at 979); *United States v. Caparella*, 716 F.2d 976, 980 (2d Cir. 1983); *accord United States v. Siembida*, No. 05 Cr. 366 (PKL), 2007 WL 4267192, at *2 (S.D.N.Y. Dec. 3, 2007) (applying § 3162(a)(1) factors). In weighing these factors, the court should also consider the resulting prejudice to the defendant, if any. *See United States v. Taylor*, 487 U.S. 326, 333-34 (1988); *Caparella*, 716 F.2d at 980; *Siembida*, 2007 WL 4267192, at *2. Prejudicial dismissals also typically require a showing of a "truly neglectful attitude," "bad faith," a "pattern of neglect," or other serious misconduct. *Taylor*, 487 U.S. at 338-39; *United States v. Giambrone,* 920 F.2d 176, 180 (2d Cir. 1990) ("With respect to the circumstances leading to the dismissal and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, the court may properly take into account a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of dilatory practices on the part of the United States Attorney's office in the district in question.").

2. Analysis

Defendant contends that dismissal is warranted under the Speedy Trial Act because the first complaint in this case was dismissed *with prejudice*, thereby precluding the government from pursuing the indictment charging the defendant with conduct identical to that contained in the original complaint. The government responds that all parties clearly intended that the original complaint was to be dismissed *without* prejudice pursuant to § 3162, as demonstrated by the fact that all parties were aware and approved of the government's filing of a second complaint charging identical conduct the same day and at the exact same time that the original complaint was dismissed.

The Court agrees with the government. Although it is not clear from the transcript of the December 10, 2007 conference what Judge Katz's findings were with respect to the § 3162(a)(1) factors, it is clear on the undisputed facts that the use of the phrase "with prejudice" was a mistake, and that Judge Katz intended that the complaint be dismissed *without* prejudice, as evidenced by the fact that an identical complaint was then sworn to before Judge Katz. Had Judge Katz truly intended to dismiss the complaint with prejudice, he would have ordered that defendant be released from custody on the complaint and satisfied the writ that brought defendant to this District from the Eastern District of Pennsylvania. Instead, Judge Katz presented defendant on the new complaint, addressed the issue of bail, and scheduled a preliminary hearing for December 26, 2007. (*See* Dec. 10 Tr. at 5-7.) The fact that no one — including defense counsel — objected to any of these steps provides further confirmation that the dismissal of the initial complaint was never intended to be "with prejudice."

Moreover, a review of the § 3162(a)(1) factors reveals that dismissal without prejudice was warranted here. First, it is undisputed that the offense charged here, a narcotics conspiracy, is a sufficiently "serious" offense. Second, the facts and circumstances leading to the dismissal, while unusual and certainly undesirable, do not weigh in favor of dismissal with prejudice. Although there clearly was a breakdown in communication between the Bureau of Prisons, the USMS, and the USAO that resulted in the defendant being held at the Metropolitan Detention Center for approximately 40 days before any notice was given to the USAO, the error cannot be attributed to bad faith or neglect on the part of the USAO. Moreover, while it appears that the mistake was not that of the USAO, the government concedes the mistake and has taken appropriate steps to ensure that this type of error does not happen again.

Third, defendant has suffered no prejudice as a result of the delay. Indeed, even had the defendant been indicted in a timely manner, the defendant almost certainly would have been detained and placed on the same trial schedule as the other defendants in this case, who were arrested and arraigned in mid to late August 2007. Significantly, those defendants appeared for an initial pre-trial conference on September 5, 2007, and the speedy trial clock was subsequently stopped through November 2, 2007, and again through January 4, 2008, pending completion of discovery. On these facts, it is all but impossible to argue that defendant was prejudiced as a result of the delay.[4] In fact, it is worth noting that the defendant, through his counsel, has consented to all subsequent exclusions under the Speedy Trial Act.

Finally, the Court finds that dismissal with prejudice in this instance would serve more to frustrate the administration of justice than to advance it. While the government's mistake is not to be taken lightly, there is no demonstrated pattern of misconduct here, nor has the defendant shown that the government acted in bad faith or held a "truly neglectful attitude" meriting dismissal with prejudice under the Speedy Trial Act, especially where the government has taken operative steps to insure this does not happen again. *See Taylor*, 487 U.S. at 338-39; *Giambrone,* 920 F.2d at 180.

---

[4] The same is true for the defendant's overnight detention on December 26-27, 2007, prior to the filing of the indictment. As noted above, defendant was subject to a detention order issued by a court in the Eastern District of Pennsylvania for a probation violation, and therefore would have been detained overnight on December 26, 2007 even if he was not detained in relation to this case. (*See* Tr. at 15-16.)

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the indictment is denied. The Clerk of the Court is respectfully directed to terminate the motion, located at document numbers 71 and 80.

SO ORDERED.

Dated:    June 6, 2008
          New York, New York

                                            _____
                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE