UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
UNITED STATES OF AMERICA,


       - against -                            S2 07 Cr. 756


DEANDRAY KING,
                  Defendant.
--------------------------------------------------------------------X

### DEANDRAY KING'S PROPOSED JURY INSTRUCTIONS

The accused, Deandray King, by his attorney, James Kousouros, respectfully submits the

attached proposed jury instructions in the above-captioned matter.


Respectfully submitted,


JAMES KOUSOUROS
Attorney for Deandray King
80-02 Kew Gardens Road - Suite 1030
Kew Gardens New York 11417


By:  _____
_____James Kousouros

1.     **GENERAL INSTRUCTIONS**

You have heard all of the evidence in the case and the final arguments of counsel. I will now instruct you concerning the law applicable to this case.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

2.     **ROLE OF THE JURY**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or as to what your verdict should be. I express no view to you as to the facts or the defendant's guilt or innocense. Nothing I have said or done should be used by you in determining whether the defendant is guilty or not guilty.  You must decide this case solely on the evidence before you and the law.

3.     **THE GOVERNMENT AS A PARTY**

You are to perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of primary concern to the community. But it is equally important to the accused, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to the litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.

4.    **SYMPATHY**

Similarly, under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the accused beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that Mr. King is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. If you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr.  King's guilt, you should not hesitate for any reason to find a verdict of acquittal for him. But on the other hand, if you should find that the government has met its burden of proving his guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

5.    **THREE BASIC RULES**: BURDEN OF PROOF. REASONABLE DOUBT AND PRESUMPTION OF INNOCENCE

At the beginning of the case, I gave you some general rules about criminal trials. I will now restate them for you in more detail. There are three basic rules:

**Presumption Of Innocence**

Although Mr. King has been indicted, you must remember that an indictment is only an accusation. It is not evidence. It is nothing more than the means by which an accused is notified of the charges against him or her. Mr. King has pleaded not guilty to that indictment and the burden is on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon any defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes Mr. King to be innocent of the charge against him, and I instruct you that he shall continue to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt on a particular charge, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden of proof against Mr. King on any or all charges, you must find him not guilty.

This presumption of innocence was with Mr. King when the trial began, it remains with him now as I speak to you, and it will continue into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt.

**Burden of Proof on Government**

That brings me to the second rule. In a criminal case, the burden of proving guilt is on the government. It has that burden throughout the entire trial. A defendant never has any burden to prove his innocence, to produce any evidence at all, or to testify.

The burden of proof on the government in a criminal case is different from the burden of proof on a plaintiff in a civil case. In a civil case, the plaintiff need only prove his case by what is called the "preponderance of the evidence." This means that the plaintiff in a civil case must have more persuasive evidence than the defendant. It is not enough in a criminal case, however, for the government simply to have more evidence than the defendant. In a criminal case, the government must prove each element of the crime beyond a reasonable doubt, regardless of any evidence that may or may not be presented by the defendant.

**Proof Beyond a Reasonable Doubt**

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt which could cause a reasonable person to hesitate to act in a matter of this importance in his or her personal life. Proof beyond a reasonable doubt therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. On the other hand, a reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The burden of proof never shifts to the defendant, which means that it is

always the government's burden to prove each of the elements of the alleged offense beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

Your verdict must be based solely upon the evidence, or lack of evidence developed at trial. The absence of evidence is a valid basis for reasonable doubt. The mosaic of evidence that composes the record before you includes both the evidence and the lack of evidence on material matters. The absence of evidence may provide the reasonable doubt upon which a jury decides to acquit.

If, after fair and impartial consideration of all the evidence and lack of evidence against Mr. King, you have a reasonable doubt as to any element of any charged offense, it is your duty to acquit on that charge. On the other hand, if after fair and impartial consideration of all the evidence against the defendant you are satisfied of the defendant's guilt beyond a reasonable doubt as to all elements of a particular charge, you should vote to convict.

6. **PRESUMPTION OF INNOCENCE HYPOTHESIS CONSISTENT WITH INNOCENCE**

The presumption of innocence requires that if a fact or piece of evidence or testimony is capable of two reasonable interpretations, and one is consistent with innocence, you must interpret the evidence in favor of innocence. Similarly, if evidence as a whole is capable of two reasonable constructions and one of those constructions is consistent with innocence, then the presumption of innocence requires that you find the defendant not guilty

7.    **WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations.

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

The indictment is not evidence against a defendant; it is merely the government's accusation in writing. It is entitled to no weight in your judgement of the facts.

What the lawyers have said in their closing arguments, in their objections or in their questions is not evidence. It is the witnesses' answers that are evidence.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict. Further, if certain testimony was received for a limited purpose -- such as for the purpose of assessing some witness's credibility or of recounting what a witness heard -you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence because the lawyers are not sworn witnesses. They are advocates--the government attorneys are advocates for their client, the government. The defense attorney is an advocate for his client, Mr. King. What each has said to you in their summations is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

In addition, anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court. In addition, materials

brought forth only to refresh some witness's recollection are not evidence unless specifically admitted into evidence.

Moreover, what I may have said during the trial and my rulings on the admissibility of evidence do not reflect any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

8.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in deciding whether an accused is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is a witness's testimony on what he or she saw, heard or observed. In other words, when a witness testifies about what is known to him or her based on his or her own knowledge by virtue of one's own senses -- what he or she sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you were sitting here, assume someone walked in with an umbrella which was dripping wet. Then assume that somebody else then walked in with a raincoat which also was dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence. Generally, the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting an accused, the jury must be satisfied of the guilt of an accused beyond a reasonable

doubt from all of the evidence in the case.

### 9.     INFERENCE DEFINED (PRESUMPTIONS)

During the trial, summations,  as well as in these instructions, you have heard the term "inference," and you have been asked to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.  There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Thus, you may draw such reasonable inferences from the facts as you find to be justified in light of your experience.

### 10.    WITNESS CREDIBILITY -- GENERAL INSTRUCTION

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. As I have said, you are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the one count of the indictment, in the face of the very different pictures painted by the government and the defense. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself with prior statements made either during the trial or at another time? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?  Has the witness lied under oath at a prior proceeding?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the government or an accused which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or

her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself. Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.

You must decide what is the most accurate, credible, trustworthy, reliable evidence. The weight of the evidence as to a particular fact is not necessarily determined by the number of witnesses or exhibits, nor by which party produced the most witnesses or exhibits. It is the quality of the evidence that supports a finding as to a particular fact that should control, whether that evidence comes from a single source or many sources. Thus, the number of witnesses who support a particular fact are not necessarily controlling.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, his or her motive to fabricate or shade the truth, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

11.    **FALSUS IN UNO. FALSUS IN OMNIBUS**

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements which are inconsistent with the witness's present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of those statements.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

### 12.        IMPEACHMENT BY FELONY CONVICTION

You have heard the testimony of witnesses who were previously convicted of a crime punishable by more than one year in jail. These prior convictions may be considered by you in evaluating the witnesses' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept, and what weight, if any, it should be given.

**13.    GOVERNMENT WITNESSES - NOT PROPER TO CONSIDER GUILTY PLEA**

You have heard testimony from government witnesses [list names] who pleaded guilty to a charge arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Mr. King from the fact that a prosecution witness pleaded guilty to a similar charge. That witness' decision to plead guilty was a personal decision about his own guilt. The fact that several individuals are charged in one conspiracy and that one or more has pled guilty to this charge in no way reflects upon the guilt or innocense of other charged individuals.  This evidence may not be used by you in any way as evidence against or unfavorable to Deandray King.

### 14.     WITNESS PLEA AND COOPERATION AGREEMENTS

You have heard testimony from the government witnesses [list names] who pled guilty after entering into an agreement with the government to testify.  This was referred to as a cooperation agreement. There is evidence that the government agreed to dismiss some charges against the witnesses and agreed not to prosecute on other charges in exchange for the witnesses' agreement to plead guilty and testify for the government [*if applicable*].  The government also promised to bring the witnesses' cooperation to the attention of the sentencing court and file a motion requesting that the court depart downward from the otherwise applicable advisory guidelines.

The government is permitted to enter into this kind of agreement and I instruct you that there is nothing improper in the government's use of cooperating witnesses. It is the law in federal courts that the testimony of such cooperating witnesses may support a conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence, by giving testimony favorable to the prosecution, may have a motive to testify falsely.

Therefore, because of the nature of accomplice testimony, it must be scrutinized with greater care than the testimony of an ordinary witness. It should be viewed with particular caution.  You should, for example, ask yourselves whether the cooperating witness' testimony was made up in any way because he believed or hoped that he would receive favorable treatment by testifying falsely or whether the witness believed that his or her interests were served by

testifying truthfully?  In sum, you should look at all of the evidence in deciding whether you believe cooperating witnesses and what weight, if any, to give to their testimony.

You have also heard testimony and argument about the nature and effect of the plea and cooperation agreements. In this regard, you heard testimony about what has been referred to as a 5K1.1 letter.  This refers to a section in the United States Guidelines which federal judges must consider in the imposition of sentence. One section, 5K1.1 provides that upon motion by the government stating that a defendant has provided substantial assistance in the investigation or prosecution of another individual, the court may, in its discretion, depart from the guidelines and sentence the cooperator in a more lenient fashion than that called for by the statute and the guidelines.  Two factors you should bear in mind are: (1) only the government can make such a motion and it cannot be compelled to do so, unless it fails to act in good faith in refusing to make such a motion; and (2) the court has complete discretion as to whether it will or will not depart from the guidelines and is free, in any event, to impose any reasonable sentence that it deems to be appropriate under all the circumstances.

### 15.    INFORMAL IMMUNITY OF GOVERNMENT WITNESS [if applicable]

You have heard testimony from a witness, [name, if applicable] who has been promised that her testimony given here in court will not be used to prosecute him, for any crimes which he admitted here in court. The promise of testimonial immunity was not a formal order of immunity by the court, but was agreed to directly between her and the government. There has been no formal order of immunity issued by this court. This was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You may convict a defendant on the basis of such a witness's testimony, if you find that his or her testimony proved the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted on the basis of her testimony here should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize this testimony closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that she can receive benefits by helping to convict another, has a motive to falsify her testimony. Such testimony should be received by you with caution and you may give it such weight, if any, as you believe it deserves.

### 16.    LAW ENFORCEMENT WITNESS

You have also heard the testimony of law enforcement officials.  Bear in mind, the fact that a witness may be employed by the federal, state or local government as a law enforcement official does not mean that his or her testimony is automatically deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

As with all testimony, it is up to you, after reviewing all the evidence, to accord the testimony whatever weight, if any, you find it deserves.

### 17.    WITNESS WITH SPECIAL KNOWLEDGE AND TRAINING

You have heard testimony from Special Agent [fill in name].   He/She was allowed to express her/his opinion on those matters about which she/he has special knowledge and training. His/her testimony and opinions were presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the testimony of any such witness, you may consider their qualifications, their opinions, their reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give their testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept the testimony of this witness merely because they have special knowledge and training.   Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## 18.    DECISION OF THE ACCUSED NOT TO TESTIFY (if appropriate)

The decision of Mr. King not to testify on his own behalf does not create any presumption against him. You are not to speculate about why he chose not to testify. Under our Constitution, he has no obligation to testify or to present any evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to Mr. King. He is never required to prove that he is innocent. Therefore, you may not attach any significance to the fact that he did not testify and you may not consider this in any way in your deliberations.

### 18A.   TESTIFYING ACCUSED

The law permits, but does not require an accused to testify on his own behalf.  A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond  reasonable doubt remains on the government at all times, and a defendant is presumed innocent. In this case, Mr.  King did testify and was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

19.                    **OTHER CRIMES, WRONGS OR ACTS**

You have heard testimony that the defendant allegedly committed other crimes  not charged in this indictment. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's knowledge of narcotics related violations and for no other purpose.

[*This section is included as the government has served notice of it's intention to introduce certain evidence of prison conversations between Mr. King and another concerning the arrest of an individual in Philadelphia on narcotics related charges.  The defense objects to this testimony and will brief the issue separately, however this charge is submitted in the event the Court permits the testimony.*]

### 20.    DEFENDANT'S PHOTOGRAPHS, "MUG SHOTS"

One of the witnesses has testified that a photograph of Mr. King was shown to him by law enforcement agents.  Law enforcement agencies collect pictures of many people from many different sources and for many different purposes. The fact that the police had Mr. King's picture does not mean that he committed this or any other crime.

### 21.    USE OF TAPES AND TRANSCRIPTS

During the course of the trial, you heard certain conversations that were recorded. This is proper evidence for you to consider. In order to help you, I allowed you to have transcripts to read along as the recordings were played. The transcript were merely to help you understand what was said on the tape. If you believed at any point that the transcript contained something different from what you heard on the tape, remember it is the tape that is the evidence, not the transcript.  If at any time there was a variation between the tape and the transcript, you must be guided solely by what you heard on the tape and not by what you saw in the transcript

22.    **COUNT ONE:**

**CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENTION OF DISTRIBUTING A CONTROLLED SUBSTANCE**

The first and single count of the indictment reads as follows: [read indictment]

1.    From in or about at least December 2005 until at least in or about mid-2007, in the Southern District of New York and elsewhere, JOSE MANUEL CARRANZA-IBANEZ, a/k/a "Little Joe," a/k/a "Khaki," JOSE FRANCISCO MENDOZA, a/k/a "Jose VidalesMendosa," a/k/a "Juan Carlos Flores," a/k/a "Pepe," FRANCISCO AMBRIZ, JR., a/k/a "Pee Wee," ALBA NAZARIO, a/k/a "La Flaca," a/k/a "Geovany," JEIMY ORTIZ, EMERSON GUZMAN, a/k/a "Flaco," a/k/a "Charlie," ELVIS TEJADA, ROSALY GARCIA-GUZMAN, a/k/a "Charlie," a/k/a "Shally," CANDIDO RAFAEL FERNANDEZ, a/k/a "Ralphie," CESAR ESTEVEZ, a/k/a "Boli," a/k/a "Bolivita," and DEONDRAY KING, a/k/a "Deandre King," a/k/a "Andre King," a/k/a "Champion," a/k/a "Champ," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that JOSE MANUEL CARRANZA-IBANEZ, a/k/a "Little Joe," a/k/a "Khaki," JOSE FRANCISCO MENDOZA, a/k/a "Jose Vidales-Mendosa," a/k/a "Juan Carlos Flores," a/k/a "Pepe," FRANCISCO AMBRIZ, JR., a/k/a "Pee Wee," ALBA NAZARIO, a/k/a "La Flaca," a/k/a "Geovany," JEIMY ORTIZ, EMERSON GUZMAN, a/k/a "Flaco," a/k/a "Charlie," ELVIS TEJADA, ROSALY GARCIA-GUZMAN, a/k/a "Charlie," a/k/a "Shally," CANDIDO RAFAEL FERNANDEZ, a/k/a "Ralphie," CESAR ESTEVEZ, a/k/a "Boli," a/k/a "Bolivita," and DEONDRAY KING, a/k/a "Deandre King," a/k/a "Andre King," a/k/a "Champion," a/k/a "Champ," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a) (1) and 841(b) (1) (A) of Title 21, United States Code.

3.    It was a further part and an object of the conspiracy that JOSE MANUEL CARRANZA-IBANEZ, a/Kia "Little Joe,"a/Kia "Khaki," FRANCISCO AMBRIZ, JR., a/Kia "Pee Wee," EMERSON GUZMAN, a/Kia "Flaco," a/Kia "Charlie," CANDIDO RAFAEL FERNANDEZ, a/Kia "Ralphie,n CESAR ESTEVEZ, a/Kia "Boli," a/Kia "Bolivita," and DEONDRAY KING, a/Kia "Deandre King," a/Kia "Andre King," a/Kia "Champion," a/Kia "Champ," the defendants, and others known and unknown, would and did distribute and

possess with intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841 (a) (1) and 841 (b) (1) (A).

First, I will explain the law of conspiracy, which relates to this count of the indictment. In order to satisfy its burden of proof with respect to this charge, the government must establish each of the following elements beyond a reasonable doubt:

1. That two or more persons entered the unlawful agreement charged in the indictment;

2. That Mr. King knowingly and willfully became a member of the conspiracy with knowledge of the unlawful purpose of the plan; and

3. That the purpose of the unlawful plan was to distribute and possess with intent to distribute heroin and cocaine.

### A.    1ST ELEMENT - EXISTENCE OF A CONSPIRACY

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that, in the Southern District of New York, two or more persons entered the unlawful agreement to distribute cocaine and heroin.

To satisfy this clement, the government must show, beyond a reasonable doubt, that the conspirators came to a mutual understanding, a meeting of the minds, to accomplish the objective of possessing cocaine and heroin for distribution by means of a joint plan or common design. You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement, or that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. In order to establish proof of a conspiracy, the evidence in the case must show beyond a reasonable doubt that the members in some way or

manner, or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

The existence of this alleged agreement may be established by direct proof or its existence may be inferred from the circumstances of this case and the conduct of the parties involved.

In determining whether the conspiracy charged in this indictment actually existed, you may consider evidence of the acts and conduct of the alleged conspirators as a whole, as well as the reasonable conclusions to be drawn from such evidence. If you find beyond a reasonable doubt that the minds of at least two of the alleged conspirators met in an understanding way, and that they agreed to work together in furtherance of the unlawful purpose alleged in the indictment, then proof of the existence of the conspiracy is complete.

### B.      2ND ELEMENT - MEMBERSHIP IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Mr. King knowingly, willfully, and voluntarily became a participant in, or a member of, the conspiracy. Therefore, if you are satisfied beyond a reasonable doubt that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether Deandray King was, in fact, a member of the conspiracy, you should consider whether, based upon all of the evidence, Mr. King knowingly and willfully joined the conspiracy. In other words, did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective?

In that regard, it has been said that in order for a defendant to be deemed a participant in

a conspiracy, he must have had a stake in the venture or its outcome. While proof of a financial interest in the outcome of a scheme is not essential, if you find that Mr. King had or did not have such an interest, that is a factor which you may properly consider in determining whether or not he was a member of the conspiracy charged in the indictment.

It is important for you to note that Mr. King's alleged participation in the conspiracy must be established by independent evidence of his own acts or statements as well as those of the other alleged co-conspirators, and the reasonable conclusions which may be drawn from them.

For a person to be convicted of conspiracy, the evidence must show beyond a reasonable doubt that he associated himself with the venture in some fashion, or participated in it as something that he wished to bring about, or sought by his actions to make it succeed. A person may be convicted as a conspirator even though he played only a minor part in the conspiracy, provided there is a showing beyond a reasonable doubt that he knew of the conspiracy and intentionally joined it. The extent or duration of a person's participation has no bearing on the issue of his guilt. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a person within the ambit of the conspiracy.

I want to caution you, however, that a person's mere presence at the scene of an alleged crime, even with knowledge of the crime's occurrence, does not, by itself, make him a member of a conspiracy. Similarly, mere association of a person with one or more members of a conspiracy does not in itself make that person a member. A person may know, or be friendly

with, a criminal -- even knowing him to be a criminal -- without being a criminal himself. Mere similarity of conduct, time spent together, or discussion of common aims and interests does not necessarily establish proof of a conspiracy.

Whether or not Mr. King joined the conspiracy knowingly is a matter you may infer from the facts proved. A person need not have been aware of all the goals of the conspiracy, so long as the government can show beyond a reasonable doubt that he joined the unlawful agreement with an awareness of at least some of its goals. A conspirator need not have known the identities of each and every other member, nor need he have been aware of all of their activities. Moreover, a person need not have been fully informed as to all of the details, or the scope of the conspiracy in order to justify an inference of knowledge on his part. Willful intent or guilty knowledge may, but need not, be inferred from the secretive or irregular manner in which a transaction is carried out.

Please remember that both knowledge of the conspiracy and participation in the conspiracy are necessary to prove membership in the conspiracy. Mere knowledge or acquiescence, without participation, in an unlawful plan is not sufficient; nor does the fact that the acts of a person, without knowledge, merely happen to further the goals of a conspiracy make the defendant a member.

The government has specifically alleged that "in or about mid-2006" Mr. King "sent an associate to the Bronx, New York to conduct a drug transaction involving approximately 5 kilograms of cocaine." If you conclude that Mr. King engaged in no such conduct, you must acquit him on the conspiracy count unless you find that the government has proved beyond a reasonable doubt that Mr. King otherwise (1) reached an agreement with one or more persons to

distribute heroin and/or cocaine and (2) otherwise participated in the conspiracy with knowledge of it's unlawful purpose and with the specific intention of furthering the conspiracy's business or objective.

In sum, before you may find Mr. King guilty of conspiracy, the evidence must show beyond a reasonable doubt that Mr. King knowingly and willfully participated in the unlawful plan with the intent to advance or further the purpose of the conspiracy.

23.    **AMOUNT OF DRUGS**

As I have explained, you may not find Mr. King guilty of conspiracy unless the government proves beyond a reasonable doubt each of the elements of conspiracy which I have described to you. If you find that the government has failed to prove beyond a reasonable doubt any of these elements of the crime of conspiracy, then you must return a verdict of not guilty.

If, on the other hand, you unanimously find that the government has proved beyond a reasonable doubt the elements that I have just described to you with respect to the particular crime, then you should return a guilty verdict with respect to that crime and you must make an additional determination regarding the weight of the drugs involved in the offense. I have provided you with a special verdict form, which contains questions that will assist you in this process.

Question 1 on the verdict form asks you whether Mr. King is guilty of Count One of the indictment — conspiring to distribute and possess with intent to distribute a controlled substance.  If you find Mr. King guilty of conspiring to distribute to possess with intent to distribute a controlled substance, you should answer Questions 1A and 1B, which address the amount of heroin and cocaine involved.

As the verdict form explains, if you unanimously agree that the government has proved beyond a reasonable doubt that Mr. King conspired to distribute 1 kilogram or more of heroin, then answer "yes" on Question 1A of your verdict form. You may only answer "yes" to Question 1A if you find that the government proved beyond a reasonable doubt the existence of the conspiracy, that Mr. King knew that the purpose of the conspiracy was to distribute *1 kilogram or more* of heroin and that he was a member of that conspiracy.

If you unanimously agree beyond a reasonable doubt that Mr. King conspired to distribute some quantity of heroin, but you do not unanimously agree beyond a reasonable doubt that Mr. King conspired to distribute *1 kilogram or more* of heroin, then you must answer "No" to Question IA and proceed to question 1B.

After considering question 1B, if you unanimously agree that the government has proved beyond a reasonable doubt that Mr. King conspired to distribute ***five kilograms or more of cocaine***, then answer "yes" on Question 1B of your verdict form. Once again, you may only answer "yes" to Question 1B if you find that the government proved beyond a reasonable doubt the existence of the conspiracy, that Mr. King knew that the purpose of the conspiracy was to distribute five kilograms or more of cocaine and that he was a member of that conspiracy. If, on the other hand, the government fails to prove that Mr. King knew the quantity of cocaine involved, you must answer "no" to Question 1B as well.

## 24.    CAUTION AS TO PUNISHMENT

I caution you, members of the jury, that you are here to determine whether the government has proven the guilt of Mr. King beyond a reasonable doubt from the evidence. He is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial in this case. The punishment provided by law for the offense charged in this indictment is a matter exclusively within the province of the court, and it is not to be considered by you in any way in arriving at an impartial verdict. It is the function of the jury to find the facts from the evidence that you have heard and to decide whether the government has proven the guilt of accused. The question of punishment is up to the court. It is not a part of your deliberations. You should not consider whether or not accused should be punished or the extent or nature of any appropriate punishment, if any.

25.    **DUTY TO DELIBERATE**

Any verdict must represent the considered judgment of each juror. Before a verdict may be returned, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so consistent with the individual judgment of each juror. Each of you must decide the case for yourself but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, each should discuss your views and consider the views of your fellow jurors. Each of you should consider and re-examine your own views in light of the views of your fellow jurors. If you become convinced that your view of the evidence is erroneous do not hesitate to change your view. In reaching your decision however, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. In other words, you should feel free to change your view of the facts and evidence if you become convinced that another view is correct. You should never change your view of the facts or evidence only because others have a different view, nor just to permit a unanimous verdict.

Remember at all times you are not partisans; you are judges -judges of the facts. Your sole interest is to seek the truth from the evidence in the case.  Your verdict must be based on a fair and conscientious examination of all the evidence, applying the law as you are instructed to the facts as you find them. In doing so, you must not be influenced by prejudice or bias or sympathy, for or against any party.

I remind you again: do not take any single part of this charge, or any few parts of it, and emphasize those alone. You are to consider this charge entirely as an integrated whole, placing

equal emphasis on all of it.

26.    **VERDICT**

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and win be your spokesperson here in court.

If during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you to the courtroom so that I can address you orally. I caution you, however, with regard to any messages or question you might send, that you should never state or specify your numerical division at the time.

When you have reached agreement as to your verdict, you will knock on the door and inform the marshal. You will then be returned to the courtroom to announce your verdict.